# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYCAS B. JORDAN,** | : | **CIVIL NO. 1:16-CV-1552** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **JOHN A. ROWLEY**, *et al.*, | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Tycas Jordan ("Jordan"), a former inmate who, at all times relevant, was housed at the Clinton County Correctional Facility, in McElhattan, Pennsylvania,[1] initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are Warden John Rowley, Deputy Warden Angela Hoover, and Lieutenant Tyler Walker. (Id.) For the reasons set forth below, the court will dismiss this action for failure to prosecute and failure to comply with a court order.

## I. Background

The allegations of the complaint relate to the Clinton County Correctional Facility's policies and procedures regarding religious head coverings, and the availability of services for members of the Muslim religion. (Doc. 1). On September 21, 2016, defendants filed an answer to the complaint with affirmative defenses. (Doc. 13).

---

[1] Jordan is no longer incarcerated. Upon entering plaintiff's identification number, 152056, into the Vinelink Inmate Locator System, his status was returned as "out of custody." See https://vinelink.com/#/search.

On October 11, 2016, Jordan filed a letter with the court requesting a general extension of time in this matter. (Doc. 14). On July 25, 2017, the court issued a scheduling order setting forth pretrial deadlines. (Doc. 15). The court's mail to Jordan was returned, unopened, and marked as undeliverable. (Doc. 16). Accordingly, on June 13, 2018, the court ordered Jordan to provide his current address. (Doc. 17). The order warned Jordan that, "[f]ailure to comply with this order may result in the dismissal of this case for failure to prosecute." (Id. at 2) (citing Federal Rule of Civil Procedure 41(b)). Jordan failed to reply, and the court's mail was returned, unopened, and marked as undeliverable. (Doc. 18). Jordan has not communicated with the court since October 11, 2016, and has not provided the court with a current, updated address.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). Not all of the Poulis factors need be satisfied to dismiss a complaint. See

2

Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Jordan is *pro se* and is solely responsible for his actions. See Colon v. Karnes, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, the court has been waiting more than twenty months for Jordan to communicate with the court, and can only conclude that he is personally responsible for failing to inform the court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses" memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Jordan's continued failure to communicate with the court and his continued inaction frustrates and delays resolution of this action. This failure to communicate prejudices the defendants who seek timely resolution of the case. See Azubuko v. Bell National Organization, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Jordan has established a history of dilatoriness through his failure to notify the court of his whereabouts and failure to comply with court orders and rules. As is clear from the procedural background of this case, Jordan has not

3

communicated with the court since October 11, 2016. (Doc. 14). On June 13, 2018, the court ordered Jordan to provide the court with his current address, and warned him that this case was subject to dismissal for failure to prosecute. (Doc. 17). Jordan failed to comply with that order, and the time for complying has now passed. The court finds that over the past twenty months, Jordan has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." Briscoe v. Klem, 538 F.3d 252, 261 (3d Cir. 2008). A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. (See Doc. 3 at 4, Pro Se Letter issued July 27, 2016; see also M.D. Pa. Local Rule of Court 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.")). Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. (Id.) If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (Id.) It is clear that Jordan has failed to comply with the terms set forth in the Standing Practice Order and Middle District of Pennsylvania Local Rule 83.18.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Jordan has offered no explanation for his failure to provide the court with his current address, and has been less than diligent in pursuing this matter. Gagliardi v. Courter, 144 F. App'x

267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. Given Jordan's indigence, alternative, monetary, sanctions would not be effective. See Dennis v. Feeney, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the court is incapable of imposing a lesser sanction without knowledge of Jordan's whereabouts.

The final Poulis factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. The court finds that consideration of this factor cannot save Jordan's claims, since he is now wholly non-compliant with his obligations as a litigant. Thus, the weight of this factor is lessened and, following a full analysis of the factors, the majority of the six (6) factors weigh in favor of defendants.

### III. Conclusion

Jordan's last communication with the court was on October 11, 2016. (Doc. 14). It is clear that Jordan has been released from custody. See https://vinelink.com/#/search. Jordan's prolonged failure to notify the court of his whereabouts has forced the court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the Poulis factors, it is clear that the factors militate in favor of dismissal of Jordan's claims.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: July 3, 2018